CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 2 2 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DELORES SIMMONS, as Administrator of the Estate of Harrie Simmons, Jr. <br><br> Plaintiff, <br><br> v. <br><br> GENE M. JOHNSON, et al., <br><br> Defendants. | Civil Action No. 7:05CV00053 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Glen E. Conrad <br> United States District Judge |

The defendants assert that the proper venue for this action is in the Big Stone Gap Division of the Western District of Virginia, not the Roanoke Division where the case was filed. For the reasons stated below, the court agrees with the defendants and will order future hearings and, if necessary, the trial to be conducted in the Big Stone Gap Division, except upon agreement of the parties.

**Factual and Procedural Background**

This action arose as a result of the January 31, 2003 suicide of inmate Harrie Simmons, Jr. at Wallens Ridge State Prison. The plaintiff is the administrator of Mr. Simmons' estate and the defendants are Gene M. Johnson, the Director of the Virginia Department of Corrections; Stanley Young, the Warden of Wallens Ridge; and numerous correctional officers, nurses, mental health professionals, and employees at Wallens Ridge. During oral argument regarding the defendants' motions to dismiss, the defendants noted their objection to the retention of this case in the Roanoke Division of the Western District of Virginia and moved this court to transfer the case to the Big Stone Gap Division, which encompasses the counties of Dickenson, Wise, Scott, Lee and the city of Norton. Wallens Ridge State Prison is located in Wise County.

1

## Discussion

Inter-division transfers of venue, like the one requested by the defendants, are governed by 28 U.S.C. § 1404(a). That section states that for the convenience of the parties and witnesses, and where the interests of justice would be served, a district court may effect a transfer of a case to another district or division within a district where the case might have been brought. The United States Court of Appeals for the Fourth Circuit and United States District Courts have elaborated on the factors that are properly considered in assessing when a transfer is truly convenient and in the interests of justice. See Southern Ry. Co. v. Madden, 235 F.2d 198, 200-01 (4th Cir. 1956); Gen. Creation LLC v. Leapfrog Enters., Inc., 192 F. Supp. 2d 503, 504-05 (W.D. Va. 2002); Verizon Online Servs., Inc. v. Ralsky, 203 F. Supp. 2d 601, 623 (E.D. Va. 2002). The decision to transfer a case is soundly within the discretion of the district court. Southern Ry. Co., 235 F.2d at 201.

As a general matter, the plaintiff's choice of venue should be respected, and "[d]efendants have the burden to show that 'the balance of equities is in their favor [and] that judicial economy and convenience to all parties favor suit in another forum.'" Doe v. Connors, 796 F. Supp. 214, 221 (W.D. Va. 1992) (quoting Eldridge v. Bouchard, 620 F. Supp. 678, 684 (W.D. Va. 1985)). In order to show that the balance of equities favors a transfer, the defendant may look to a number of factors, including the place of injury, the applicable law, the relative proximity of witnesses and the cost of their attendance, where a view of the locus in quo may be had, the plaintiff's place of residence, the availability of compulsory process, the ease of access to sources of proof, and the interest in having local controversies decided at home. Southern Ry. Co., 235 F.2d at 200-01; Verizon Online Servs., Inc., 203 F. Supp. 2d at 623; Verosol B.V., 806 F. Supp. at 592.

Case 7:05-cv-00053-GEC-mfu   Document 67   Filed 11/22/05   Page 2 of 5   Pageid#: 365

The instant case provides a clear opportunity for the evaluation of these factors in determining whether transfer is appropriate. The place of injury is unquestionably located in Wise County. That is where the alleged actions and omissions giving rise to this litigation occurred.

The convenience of the witnesses also weighs in favor of transfer. The plaintiff states that some expert witnesses will need to utilize air transport in order to attend the trial, and these witnesses will consequently need to rent a car to reach Big Stone Gap, adding to the expense and time required. However, this argument neglects the fact that the vast majority of the witnesses likely to be called live and work close to, if they are not in fact residents of, Big Stone Gap.

The plaintiff asserts that her attorney's offices and those of some of the defendants are located in Roanoke, and therefore that Roanoke is the most convenient location. The plaintiff further states that "a transfer to the Big Stone Gap Division would cause inconvenience" to her. Such is the unfortunate nature of litigation. The location of the plaintiff's chosen counsel holds little weight over this court's decision; the chief consideration is the convenience of the parties and witnesses.[1]

The availability of compulsory process is a legitimate concern in this case. Federal Rule of Civil Procedure 45(b)(2) permits a subpoena to be served anywhere within the district of the court by which it is issued, or within 100 miles of the place of the trial. However, pursuant to Rule 45(c)(3)(A)(ii), upon timely motion, the court must quash or modify a subpoena that requires a non-party to travel more than 100 miles from their residence or regular place of business. It appears that many of the witnesses hale from within the Western District, but that

---

[1] The court recognizes that Ms. Simmons qualified as the administrator of Mr. Simmons' estate in the Circuit Court for Roanoke City. However, this fact is of significantly less consequence than the fact that the convenience of the majority of the parties leans heavily in favor of a trial in Big Stone Gap.

3

many would fall outside the 100-mile radius of the Roanoke courthouse. Where a subpoena requires a non-party witness to incur substantial expense in traveling more than 100 miles, the court may quash or modify the subpoena for the witness' protection. Fed. R. Civ. Pro. 45(c)(3)(B)(iii).

The defendants have indicated that the evidence in this case may include a view of the premises at Wallens Ridge, which would only be available if the trial were conducted in Big Stone Gap. Other sources of proof are likely to be offered through oral evidence, and therefore are largely location-neutral.

The plaintiff correctly notes that this court's Standing Order IV.A.5(2) does not explicitly provide for inter-divisional transfers, but rather merely designates counties to the specific divisions. Although the plaintiff's reading of the Standing Order is technically correct, it ignores the purpose behind the designations. The Standing Order was generally intended to institutionalize the notion, later articulated in <u>Verizon Online Servs., Inc.</u>, that, where possible, local controversies should be decided at home. <u>See</u> 203 F. Supp. 2d at 623. In this case, it is not only possible, but also preferable, that a case with origins in Wise County be adjudicated there.

The principal argument asserted by the plaintiff against transferring the case is the possibility of an unfair trial. The plaintiff notes that the Big Stone Gap area's economic fortune has a significant degree of dependence on the prison industry. In support of its request that the case be retained in Roanoke, the plaintiff cites <u>Haworth, Inc. v. Herman Miller, Inc.</u>, 821 F. Supp. 1476 (N.D. Ga. 1992) for the proposition that a formulaic analysis of prejudice within the jury pool is an appropriate method to determine the availability of a fair trial. In <u>Haworth</u>, the Court engaged in a novel approach to ascertaining the degree of "presumed prejudice" in the community. <u>Id.</u> at 1480-81 (finding that the plaintiff did not meet its burden to show a tainted

jury pool where there were 13,600 office furniture industry employees, each of whom may have had ten close relatives in the jury pool, and 1,839,240 potential jurors). Significantly, the Haworth Court noted that "[the plaintiff] has a heavy burden to meet as the presumed prejudice principle is rarely applicable, and is reserved for an extreme situation." Id. at 1480 (citations omitted).

The plaintiff has submitted a number of newspaper articles relating to the issue of presumed prejudice. However, this anecdotal evidence is insufficient to satisfy the plaintiff's burden where the balance of the other factors points clearly in favor of a transfer. The courts in the Western District have consistently tried suits brought by Wallens Ridge prisoners against institutional and state defendants in the Big Stone Gap Division without incident or jury bias. See Acevedo v. Gilmore, 2005 WL 1107605, at *5 (W.D. Va. May 10, 2005); Sadler v. Young, 325 F. Supp. 2d 689 (W.D. Va. 2004). The plaintiff does not advance a substantial reason as to why this case presents a different situation.

In the present case, the defendants' request to transfer the case to the Big Stone Gap Division of the Western District of Virginia will be granted for the purposes of hearings and trial, if necessary. The case will retain its Roanoke Division designation and case number.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 22d day of November, 2005.

United States District Judge

5